IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| WESLEY TODD FITTRO, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 6:20-cv-03164-MDH |
| | ) | |
| SHERIFF JIM ARNOTT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff has filed a *pro se* Complaint against Sheriff Jim Arnott, Dr. Wilkens, Barbara Stillings and Sheriff Brad Cole alleging abuse of power and moving this Court to "pull cases from the state." (Doc. 8). Plaintiff alleges that Sheriff Arnott refused to file and serve a restraining order in Christian County, that Dr. Wilkens tampered with evidence; that Defendants "have a long history of corruption;" and a long list of vague and general allegations regarding his civil and criminal state court cases. The Court finds Plaintiff's allegations are difficult to comprehend and confusing. However, Plaintiff's main complaint appears to be claims stemming from state court proceedings in which he believes Defendants have violated his rights.[1]

Before the Court are numerous pro se motions and notices filed by Plaintiff (Docs. 2, 4, 9, 28, 29, 31, 48, 49, 51 and 52) and Defendants' motions to dismiss. (Docs. 17, 21 and 24).[2] Plaintiff

---

[1] Plaintiff has previously brought claims against Sheriff Cole in Case No. 19-cv-3058-MDH, alleging in part false arrest (Plaintiff attempted to serve Barbara Stillings but she was not a named defendant); against Sheriff Arnott in Case No. 19-cv-3056, alleging similar grievances arising from his civil and criminal proceedings in state court; and against Dr. Wilkens in Case No. 19-cv-3055 and 19-cv-3056.

[2] Defendant Wilkens has not been served in this case. Doc. 13.

1

has a pending motion to amend his complaint, filed after the motion to dismiss, and the motions to dismiss and motion to amend are ripe for review.

## BACKGROUND

Plaintiff has filed a pro se Complaint against Sheriff Arnott, Dr. Wilkens (former employee of Greene County Jail), Barbara Stillings (Christian County Circuit Clerk) and Sheriff Cole in their official capacities as government employees. Plaintiff alleges the Defendants have abused their power, have disregarded policy and court rules and procedures. Plaintiff makes numerous general allegations and attaches numerous exhibits referencing legal terms and descriptions. For purposes of the motion to dismiss the Court has attempted to analyze Plaintiff's specific claims against the Defendants. It appears Plaintiff is basing his claims on the following allegations stemming from underlying state cases including both criminal and civil (domestic) proceedings: Sheriff Arnott refused to serve a restraining order; Dr. Wilkens found Plaintiff incompetent and sending him to a hospital for treatment/evaluation; Dr. Wilkens tampered with medical records and court documents to assist Sheriff Arnott; Ms. Stillings had court without Plaintiff, refused to file in his child custody case, and refused to provide transcripts and a rehearing to Plaintiff; and Sheriff Cole fabricated a probable cause statement.

Plaintiff has also filed a motion to amend his complaint. Plaintiff's motion to amend seeks to include additional allegations: Dr. Wilkens refused to give me medication and doped me causing congestive heart failure; asking the Court to "Rule 48" Dr. Wilkens and dismiss him; Jennifer Taylor is under the command of Ms. Stillings and is responsible for her on and off the clock conduct and "is loose in the mouth" and is "helpful to my ex-wife;" and "with permission by the Court at this time having dropped Dr. Wilkens…." Plaintiff's motion to amend also includes

numerous vague and unclear references to abuse of process and causing a favorable result for the state and county.[3]

## STANDARD

**Motion to Dismiss**

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Courts must construe Complaints from *pro se* Plaintiffs more leniently than they otherwise would. *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993). However, even a *pro se* complaint must allege facts, as opposed to unsupported legal conclusions. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Courts must also not assume facts that are not alleged, even if the case would be helped by the inclusion of the unstated facts. *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

**Motion to Amend**

In response to the pending motions to dismiss Plaintiff seeks to amend his complaint. While the Court may freely grant motions to amend complaints, "plaintiffs do not have an absolute or automatic right to amend." *U.S. ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir.

---

[3] Plaintiff also includes a lengthy reference to the bible and other quotes.

3

2005). The Court may look to the futility of a proposed amendment as a valid basis for denying leave to amend. *Id.* An amendment is futile if the amended complaint does not contain sufficient factual matter to state a claim for relief that is plausible on its face. *Dolphin Kickboxing Co. v. Franchoice, Inc.*, 335 F.R.D. 393, 401 (D. Minn. May 6, 2020).

## DISCUSSION

### *Heck* Doctrine

To begin, the Court finds Plaintiff's claims against any or all Defendants, to the extent they are based on alleged criminal proceedings against Plaintiff in Christian County and Greene County, Missouri, are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

In *Heck v. Humphrey*, the Court held:

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87. *Heck* stands for the proposition that a person convicted of a crime can only bring a valid § 1983 claim arising from their prosecution or conviction after a court or other tribunal has ruled in their favor on direct or collateral appeal of their conviction. The Court includes within this rule, also known as the favorable-termination requirement, cases where a convicted criminal is unable to pursue habeas relief. *Id.* at 490, n. 10 ("We think the principle barring collateral attacks—a longstanding and deeply rooted feature of both the common law and our own jurisprudence—is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated."). The Eighth Circuit has closely adhered to footnote 10 in *Heck*, denying § 1983 relief to individuals even when direct and collateral appeal of their conviction is no longer

4

available. See *Newmy v. Johnson*, 758 F.3d 1008, 1010-11 (8th Cir. 2014); *Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007).

As further referenced in Plaintiff's Motion to Pull Cases from State (Doc. 2), Plaintiff asks the Court "under extraordinary circumstances" to pull two cases from state court. Plaintiff references *State of Missouri v. Wesley Todd Fittro*, Christian County Case No. 16CT-CR02587-01 and *State of Missouri v. Wesley Todd Fittro*, Greene County Case No. 1731-CR00193-01 two criminal cases filed in state court. Plaintiff's *pro se* motion to pull cases is unclear and hard to decipher but appears to request that this Court remove two state court cases for "corruption." This is the same basis for the allegations raised in Plaintiff's Complaint. Plaintiff seeks relief for what he alleges is wrongful conduct regarding his criminal proceedings, including his probation violation. In other words, Plaintiff seeks to recover damages for Defendants' actions arising from his prosecution and conviction in underlying state court proceedings, whose unlawfulness would undoubtedly render the sentences invalid. See *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (affirming dismissal of a § 1983 damages claim under *Heck* where the defect in prosecution necessarily implied the invalidity of the punishment). Because Plaintiff's state court convictions have not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, his § 1983 claims are barred under *Heck v. Humphrey*.

For this reason, Plaintiff has failed to state a § 1983 claim upon which relief could be granted for his claims based on the underlying state court criminal proceedings.

**Official Capacity Claims against all Defendants**

Further, Plaintiff has also failed to state a valid official capacity claim against these Defendants. A complaint that does not specifically state claims against defendants in their

5

individual capacities must be construed as stating claims against defendants in their official capacities. *Johnson v. Outboard Marine Corp*. 172 F.3d 531, 535 (8th Cir. 1999); *Egerdahl v. Hibbing Comm. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims."). Plaintiff's Complaint does not state claims against Defendants in their individual capacities and Plaintiff specifically refers to Defendants in their official capacities. Furthermore, it is clear from the face of the Complaint that Defendants are being sued for actions taken solely in relation to their official capacities as sheriffs and clerks employed by their respective counties. For these reasons, the Court consider the Complaint to state only official capacity claims. Official capacity suits are construed to be essentially against the agency that employs the named Defendants. *Baker v. Chisom*, 501 F.3d 920,925 (8th Cir. 2007).

Further, if Plaintiff intended to bring a 42 U.S.C. § 1983 claim (which is not clear from the pleadings) § 1983 liability may attach to a county or municipality only if the violation resulted from an official policy, an unofficial custom, or a deliberately indifferent failure to train or supervise. *Corwin v City of Independence*, Mo., 829 F.3d 695, 699 (8th Cir. 2016). Pursuant to § 1983 an official policy is an expression of a deliberate choice to adopt a certain way of doing things, however an unofficial custom requires (1) the existence of a continuing pattern of unconstitutional misconduct; (2) deliberate indifference or tacit authorization of such misconduct; and (3) that the plaintiff was injured by acts undertaken because of the custom. *Id.*; see also *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014). Further, to state a failure to train claim, a plaintiff must allege that the training of Defendants was inadequate, that the city or county was deliberately indifferent toward the constitutional rights of others when adopting its training practices, and that the deficient training caused the injury. *Parrish v. Ball*, 594 F.3d 993, 997 (8th

6

Cir. 2010) (internal citations omitted). Here, Plaintiff has failed to plead any allegations constituting a claim under § 1983 based on the face of both his complaint and his motion to amend.

**Sheriff Arnott**

Plaintiff's claims against Sheriff Arnott are claims that Plaintiff suffered abuse of the legal system in connection with restraining orders and by a court-ordered mental examination of Plaintiff. Putting aside the lack of factual content in the complaint, the Court notes that Plaintiff has not asserted any legal theory or cause of action upon which relief could be granted.[4] Plaintiff has sued Sheriff Arnott in his official capacity and therefore the real party in interest is the governmental entity. As stated above, a municipality can only be liable under §1983 "if the violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Corwin v. City of Independence*, MO., 829 at 699. Plaintiff has failed to set forth any allegations demonstrating grounds for a § 1983 violation. As such, the Court finds Plaintiff has failed to state a claim.

Further, "[s]overeign immunity is a judicial doctrine that precludes bringing suit against the government without its consent." *Ford v. Cedar County*, 216 S.W.3d 167, 170 (Mo. App. S.D. 2006)(citation omitted). Here, Plaintiff has failed to plead an exception to immunity.

Finally, Plaintiff's claims that Sheriff Arnott committed "legal abuse" does not allege any specific grounds to state a claim. Here, reviewing Plaintiff's Complaint in a light most favorable to him, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted and that Plaintiff's proposed amendment to his claims would be futile.

---

[4] As noted in Arnott's motion to dismiss, Plaintiff has mistakenly identified Sheriff Arnott as a plaintiff in this case.

**Sheriff Cole**

Plaintiff's claims against Sheriff Cole appear to be based on an abuse of power alleging Sheriff Cole fabricated documents, including probable cause statements, and made false police reports. Specifically, Plaintiff alleges that a probable cause statement signed by a "B. Wilson" in Christian County Circuit Court Case No. 16-15848 was untrue.[5]

Sheriff Cole argues abuse of power is not an independently cognizable claim and further he has been sued in his official capacity and therefore is protected by sovereign immunity. For the reasons stated above, this Court agrees. Plaintiff has failed to plead an exception to sovereign immunity and has specifically brought his claim against Sheriff Cole in his official capacity. Further, to the extent Plaintiff is attempting to allege a violation of some federally or constitutionally protected right via 42 U.S.C. § 1983 he has failed to allege a violation that resulted from an official policy, an unofficial custom, or a deliberately indifferent failure to train or supervise. Plaintiff has not plead any specific allegations against Sheriff Cole that can survive the motion to dismiss.

**Barbara Stillings**

Plaintiff's Complaint against Ms. Stillings alleges abuse of power against Stillings in her official capacity as the Christian County Circuit Clerk. Here, for the same reasons stated above, Plaintiff has failed to state a claim against Stillings as he has not asserted a policy, custom, or practice that denied Plaintiff of a constitutional right and any official capacity claims are barred by the doctrines of immunity.

---

[5] Sheriff Cole contends "B. Wilson" was not Sheriff Cole's deputy, but a police officer with the Ozark Police Department.

**Dr. Jason Wilkens**

The record reflects that Plaintiff has failed to serve Jason Wilkens with this lawsuit. The return of service states that Dr. Wilkens is no longer employed with Greene County. If Plaintiff wishes to serve Dr. Wilkens he must provide the Clerk of the Court with updated information for Dr. Wilkens so that the Clerk may re-issue a summons as authorized by Federal Rule of Civil Procedure 4, and deliver the summons, the Complaint and a copy of this Order to the United States Marshal for service of process on Dr. Wilkens. However, the Court notes that in at least one of Plaintiff's *pro se* filings Plaintiff has indicated his desire to drop Dr. Wilkens from his claims. If Plaintiff does not provide updated information for service within 30 days from the date of this Order the Court will dismiss Dr. Wilkens without prejudice.

## CONCLUSION

For the reasons set forth herein, the Court finds Plaintiff has failed to state a cognizable cause of action against Defendants to survive a motion to dismiss. The Court **GRANTS** the motions to dismiss. (Docs. 17, 21 and 24). Further, for the reasons stated herein, the Court finds Plaintiff's "motion" to amend his Complaint would be futile and denies the motion to amend. (Doc. 31). Finally, the Court denies the remaining *pro se* motions as moot in light of the Court's dismissal of Plaintiff's claims. (Docs. 2, 4, 9, 28, and 29).

**IT IS SO ORDERED.**

DATED: December 2, 2020

                                                */s/ Douglas Harpool*
                                                **DOUGLAS HARPOOL**
                                                **UNITED STATES DISTRICT JUDGE**